UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jahad I. Meyers

     v.                                        Civil No. 25-cv-458-SE
                                                Opinion No. 2025 DNH 138

Paul Mistovich, et al.

**O R D E R**

Pro se plaintiff Jahad I. Meyers, appearing in forma pauperis, filed a complaint in this court against several defendants involved in his paternity and child support proceedings in New Hampshire state court. Doc. no. 1. The magistrate judge conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d). She issued a Report and Recommendation dated November 18, 2025, in which she concluded that the court did not have subject matter jurisdiction under the Rooker-Feldman[1] doctrine and, if it did in the event that the state-court proceedings had not yet terminated, the court should abstain from hearing the case under Younger v. Harris, 401 U.S. 37 (1971). Doc. no. 10.

In response to the R&R, Meyers filed an amended complaint (doc. no. 12), an objection to the R&R (doc. no. 13), and a motion for leave to file a second amended complaint (doc. no. 19). He also filed motions to freeze the garnishment of his wages to satisfy child support and medical support obligations, which were the result of the underlying court proceeding that forms the basis of Meyers's claims in this case. Doc. nos. 14 and 16. He further requested expedited consideration of all of his filings. Doc. no. 18.

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

The court grants Meyers's motion for leave to file a second amended complaint. Therefore, the operative complaint is now document no. 19-1. For Meyers's benefit, the court will construe Meyers's original complaint (doc. no. 1) and his first amended complaint (doc. no. 12) as supplements to his second amended complaint.[2]

Meyers's second amended complaint is also subject to the provisions of § 1915 because he is proceeding in forma pauperis. Under that statute, the court shall dismiss one or more claims if, among other things, a defendant is immune from the relief sought or the complaint fails to state a claim upon which relief may be granted. See § 1915(e)(2). "Further, in addition to the statutory screening requirements under § 1915, the court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction." Smith v. Massachusetts Prob. & Fam. Ct. - Suffolk Div., No. 25-CV-12924-ADB, 2025 WL 2987724, at *1 (D. Mass. Oct. 23, 2025) (citing McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004)).

## Background

I.     Factual Allegations

Meyers's claims arise out of child support proceedings in New Hampshire state court. Specifically, on November 19, 2021, New Hampshire Department of Health and Human Services' Bureau of Child Support Services ("BCSS") filed a Petition to Determine Paternity and Enforce the Obligation of Support against Meyers in the 8th Circuit - Family Division - Keene, Docket No. 649-2021-DM-00324. BCSS claimed to have served Meyers with court documents

---

[2] The factual allegations in Meyers's second amended complaint concerning his underlying court proceedings are bare and insufficient to make out a claim for relief absent reference to the allegations in the original complaint and first amended complaint.

by mail. Defendant Paul Mistovich, an attorney for BCSS, successfully moved to deem service valid. Despite the court's ruling, Meyers alleges that he was not served with the relevant documents.

A June 2, 2022 "Stipulation/Proposed Order for Paternity Testing" and related filings asserted that "[Meyers] called in" and "agreed" to genetic testing. Meyers alleges that he made no such telephonic appearance and did not agree to testing.

On June 9, 2022, defendant Amy Deem, a BCSS Child Support Representative, issued a letter scheduling Mr. Meyers for testing on June 30, 2022, in New York. Meyers did not appear and alleges that he received inadequate notice of the test.

On December 16, 2022, the circuit court entered a "Default Adjudication of Paternity," expressly relying on Meyers's purported telephonic appearance and his failure to submit to testing. In June 2023, the circuit court approved a Uniform Support Order imputing income and imposing child support and medical support obligations. Meyers's wages were later subject to garnishment, which led to a series of alleged financial and health related injuries.[3]

II.     R&R

In his original complaint, Meyers alleged "that the defendants' conduct deprived him of procedural due process by obtaining and enforcing paternity and child support orders without

---

[3] Meyers alleges that BCSS filed the petition in November 2021 and that the circuit court imposed child support and medical support obligations in June 2023. But he also alleges that his wages have been garnished since October 2019, "[a]fter enforcement began." Doc. no. 1, ¶ 9. The court need not resolve this discrepancy but notes it here for the sake of clarity.

3

notice and an opportunity to be heard."[4] Doc. no. 10 at 4. He sought "declaratory, injunctive and monetary relief." Id.

The magistrate judge recommended that the court dismiss Meyers's claims. She determined that the Rooker-Feldman doctrine applied because Meyers's "claims would inevitably require the court to determine whether the state court's orders were improper, and the relief he seeks would effectively, if not literally, overturn those orders." Id. at 6. The magistrate judge further concluded that to "the extent that the state court child support proceedings have not concluded, the injunctive relief [] Meyers requests implicates the abstention doctrine under Younger v. Harris, 401 U.S. 37 (1971)." Id. at 7.

III.     Second Amended Complaint

Meyers's second amended complaint seeks to avoid the application of both the Rooker-Feldman doctrine and Younger abstention principles. He stresses that he is not seeking to overturn or attack any orders in the underlying circuit court case. Doc. no. 19-1 at 1. Instead, he brings a procedural due process claim against Mistovich, Diep, and Deem in their individual capacities for employing various deficient procedures, i.e., those that allegedly led to the judgment against him in circuit court (Count I). Doc. no. 19-1 at 2. He also brings a claim against Hebert in her official capacity for "Prospective Institutional Relief," in which he seeks to impose on BCSS certain requirements in future circuit court actions to protect litigants against the alleged deficient procedures that led to the judgment against him (Count II). Id. at 2-3.

---

[4] Meyers named as defendants an attorney for BCSS, Melvin T. Diep, the BCSS Director of Child Support Services, Karen E. Hebert, and the two defendants referenced above, Mistovich and Deem.

Discussion

Similar to his claims in his original complaint, Meyers's procedural due process claim in Count I implicates either the Rooker-Feldman doctrine or Younger abstention principles. Although the second amended complaint repeatedly states that it does not challenge any state court order, Meyers seeks damages in Count I because of procedures employed in his circuit court case that led to the order imposing child support and medical support obligations. "For [Meyers] to succeed, the court necessarily would have to find that the state court orders and/or the defendants' alleged actions that [led] to the orders violated his Fourteenth Amendment rights. As such, [Meyers] attacks the state court orders, and the determination he seeks would overturn the state court's orders." Brochu v. Foley, No. 21-CV-384-JD, 2021 WL 2109659, at *3 (D.N.H. May 25, 2021) (dismissing due process claims challenging actions taken in state-court custody proceedings under the Rooker-Feldman doctrine and Younger abstention principles). Thus, even if Meyers does not expressly seek to overturn an order issued in the circuit court, "the Rooker–Feldman doctrine precludes a federal action if the relief requested would effectively reverse a state court decision or void its holding or if the plaintiff's claims are 'inextricably intertwined' with the state court's decision." Rago v. Samaroo, 344 F. Supp. 2d 309, 313–14 (D. Mass. 2004) (emphasis added) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)); Jacobs v. Gear Properties, 2 F. App'x 617 (8th Cir. 2001) (affirming dismissal of civil rights action relating to state-court eviction pursuant to the Rooker–Feldman doctrine). The "Rooker–Feldman doctrine applies equally to claims that procedural due process was violated by state proceedings." Matrix Props. Corp. v. TAG Invs., No. A3-00-167, 2000 WL 33339647, at *4 (D.N.D. Dec. 21, 2000) (citing Snider v. City of Excelsior Springs, 154 F.3d 809, 812 (8th Cir. 1998)). Further, for the same reasons stated in the R&R, to the extent that Meyers's claim

5

implicates continued enforcement obligations of the circuit court's order, Younger abstention is appropriate.

Meyers's claim in Count II of the second amended complaint seeks injunctive relief directing Hebert to implement certain policy safeguards that BCSS must use in future New Hampshire court proceedings. It states:

> Count II — Prospective Institutional Relief (Official-Capacity; Ex parte Young-type) 18. Plaintiff realleges ¶¶ 1–13. 19. Defendant Hebert, in her official capacity, is responsible for BCSS policies governing (i) logging and use of USPS restricted-delivery proofs; (ii) creation/validation of telephonic "called-in" entries; (iii) content and timing of agency notices; and (iv) pre-transmission correction windows before administrative garnishment reporting. 20. Plaintiff seeks narrowly tailored, forward-looking relief to adopt safeguards that (a) require verification of USPS restricted-delivery proofs before internal use; (b) require caller identity verification and contemporaneous confirmation for "called-in" entries; (c) cure notice content deficiencies to include plain-language explanation of agency correction channels; and (d) provide a short pre-transmission window for correcting clear agency data errors—all without altering or enjoining any existing state-court order or enforcement thereof.

Doc. no. 19-1 at 2-3.

Although this claim may not implicate either the Rooker-Feldman doctrine or Younger abstention principles, it fails nonetheless because Meyers does not have standing to assert such a claim. Standing requires an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010). Here, Meyers alleges no court proceedings subsequent to the June 2023 order requiring him to make child support payments and medical support payments. Nor does he allege that he has any other matters with BCSS pending in New Hampshire state court. To the extent that he intended to allege that he could potentially be injured in a later court case, "[a]llegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in

fact." Whitmore v. Arkansas, 495 U.S. 149, 158 (1990). "Because [Meyers] fails to allege any facts demonstrating an injury in fact that is 'actual or imminent' or 'certainly impending,' he lacks standing to bring the claim." Sowell v. Tinley Renehan & Dost, LLP, 807 F. App'x 115, 120 (2d Cir. 2020) (cleaned up) (affirming dismissal of claims challenging certain Connecticut state court rules implicated in the plaintiff's earlier state-court judgments because to the extent they were not barred by the Rooker-Feldman doctrine, the plaintiff lacked standing to challenge the rules because he had no matters pending in Connecticut state court and failed to allege facts to show that he would be subject to application of the rules in the future).

For these reasons, the court does not have jurisdiction over Meyers's claim in Count I under the Rooker-Feldman doctrine or would otherwise abstain from considering the claim under Younger. Meyers does not have standing to bring his claim asserted in Count II. Therefore, the case is dismissed.

## Conclusion

For the foregoing reasons, Meyers's motion for leave to file a second amended complaint (doc. no. 19) is granted. However, the claims are dismissed because the court does not have jurisdiction to hear the claims for the reasons explained above. All other pending motions are terminated as moot. The clerk of court is directed to enter judgment accordingly and close the case.

SO ORDERED.

*/s/ SDElliott*

Samantha D. Elliott
United States District Judge

Dated: December 8, 2025
cc: Jahad I. Meyers, pro se